## KATHMAN v CINCINNATI METROPOLITAN HOUSING AUTHORITY

Common Pleas Court, Hamilton Co.

No. A-71765. Decided Oct. 5, 1940.

Walter K. Sibbald, Cincinnati, for plaintiff.

Francis T. Bartlett, Cincinnati, for defendant.

### OPINION

By MACK, J.

This cause has been submitted to the court upon the pleadings, statements of counsel, stipulations, evidence and briefs. By the petition filed June 29, 1940, plaintiff seeks an injunction against defendant appropriating his property and proceeding with its application to assess compensation, filed June 6, 1940.

Defendant is a board appointed by the Probate Court, Common Pleas Court, county commissioners and mayor of Cincinnati, in accordance with the provisions of the act approved September 5, 1933, (115 **Ohio Laws, Part 2, p. 56**) and now known as §§1078-29 **to 1078-41, GC**, inclusive. Broadly speaking, defendant Authority's purpose is "to facilitate proper sanitary housing conditions for families of low incomes, and to provide for the elimination of congested and unsanitary housing conditions now existing in certain areas of the state."

Funds to carry out the purposes of defendant are augmented by federal funds secured by virtue of U. S. Hous-

ing Act, 1937, known as the Wagner-Stegall Act, approved September 1, 1937, and found in Volume 1, 50 U. S. Statutes at Large, p. 888. Said federal act, by Section 1, declares that its purposes are to assist state and political subdivisions thereof to remedy unsafe and unsanitary housing conditions and shortage of dwellings for families of low incomes.

In his petition plaintiff alleges that on June 6, 1940, defendant filed its application to assess compensation for the appropriation of certain described real estate belonging to plaintiff; that in its application defendant asserted that on April 23, 1940, it declared its intention to appropriate to public use property "required for housing authority purposes as a site for the construction of a low-rent housing project," and thereafter, by resolution, directed the appropriation of plaintiff's property to proceed. It is alleged the application is insufficient in law in that plaintiff is not advised of the necessity of the appropriation or the purposes for which his property is to be used; further, that the resolution to appropriate and notice of intention to appropriate are likewise insufficient for said reasons; that the Ohio statutes, if the right to appropriate is conferred thereby, authorize defendant to acquire real estate for purposes which do not constitute a public use, in violation of the Constitution of Ohio. It is alleged that the application seeks to take plaintiff's property for constructing ten stores to rent to other persons. It is alleged that the appropriation proceedings contravene the provisions of the Constitutions of the United States and State of Ohio, and are tantamount to taking plaintiff's property without due process of law and do not constitute an appropriation for a public use.

Essential allegations of defendant's are that theretofore defendant contemplated erecting an administration building containing a few stores and that such purpose was proper, but that at the present time said administration building will be erected on land which defendant acquired by deed and not upon plaintiff's land.

It is further alleged that the appropriation case was tried and compensation assessed for plaintiff's property, and the same has been paid to the clerk of the Common Pleas Court and the verdict has been carried into a judgment by said court.

For reply plaintiff admits that since the filing of the petition herein a jury has assessed compensation in the appropriation proceeding and defendant has paid same to the clerk of court and the verdict has been carried into a judgment, but alleges that plaintiff has not withdrawn the amount of said verdict, nor has he made any effort to do so.

By Section 7 of the Ohio Act (§1078-35 GC) appropriation proceedings by the Authority shall be the same as is prescribed by law for appropriation proceedings by municipal corporations.

Sargent v Cincinnati, 110 Oh St 444 and Emery v City of Toledo, 121 Oh St 257, expressly decide that the questions raised by the present independent injunction suit could not have been raised in an appropriation proceeding.

State ex Ellis v Sherrill, 136 Oh St 328, 16 OO 464, by a majority opinion has determined that the State Housing Authority Act is constitutional, while the minority decision maintained that the legislation "is a surrender of state sovereignty and local government power neither authorized nor intended by the state or federal constitutions."

It is well established in this state, as well as others, that the exercise of the power of eminent domain is one that must be strictly construed.

Cincinnati v L. & N. R. R. Co., 88 Oh St 283, at 296, referring to previous decisions of our Supreme Court.

See also McQuillan on Municipal Corporations, 2 Ed., Vol. 4, page 358, Section 1583.

Lewis on Eminent Domain, 3 Ed, page 706, Sec. 387.

Facts, other than those recited above, deemed determinative of the questions involved herein are as follows:

Present project known as "English Hills," involving an expenditure of about three million dollars, covers some

107 acres in Fairmount, Cincinnati, all of which substantially was unimproved property. Such area had been zoned as residential property. Such project contemplates the erection of 83 buildings to contain 750 dwelling units, and one administration building, containing stores on the first floor. Said administration building is to have storage rooms, maintenance shops, office quarters, etc. Such administration building is to be about 155 ft. by 325 ft. To permit the erection of such administration building, by ordinance passed May 15, 1940, part of said 107 acres was rezoned for business A purposes. Originally, in the negotiations with the Federal Housing Authority for financial contribution, it was contemplated that the administration building be either entirely or partly on plaintiff's real estate in question. Such was the contemplation of defendant in instant case at the time the application to assess compensation was filed and the verdict of the jury assessing compensation for the Kathman property was rendered in July, 1940. Since such time, however, it is now definitely contemplated that the administration building, containing such stores, to be rented, is to be erected entirely on property acquired by deed from Nevin. Bids for the construction of the improvements were invited on September 3, 1940.

On behalf of plaintiff it is argued as follows:

First: That defendant has not the constitutional right to appropriate plaintiff's property;

Second: That the application to assess compensation is insufficient in law in not advising Kathman as to the purpose for which his land was being taken;

Third: That the application as far as the Kathman property was concerned sought an appropriation for the construction of the administration building, containing stores to be rented to merchants, and that under the constitution and statutes of Ohio relating to the power of eminent domain, such purpose was not one for "public use", as provided in **Art. I, Sec. 19, of the Constitution of Ohio,** reading as follows as far as relates to this case:

"Private property shall ever be held inviolate but subservient to the public welfare. * * * In all other cases, where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner."

Under the law creating defendant Authority this power of eminent domain is stated in Section 7 of the Act **(§1078-35 GC)** as follows:

"The housing authority shall have the power to eminent domain which shall be exercised only with the approval of the state board of housing. In exercising the power of eminent domain, said authority, after having obtained the approval of the state board of housing, **shall pass a resolution declaring its intention to appropriate the desired property,** notice of the passage of which resolution shall be served upon the owner and every party having an interest of record in the premises in the same manner in which service of summons is authorized by law. * * * If said authority is unable to agree with the owners as to the amount to be paid for the desired property within twenty (20) days from the date of such hearing, then said authority may **pass a second resolution declaring its intention to proceed with the appropriation,** and immediately after the passage of such second resolution the counsel for the authority shall **file an application in the Common Pleas Court assessing the compensation to be paid for the property sought to be appropriated,** and the proceedings therein, including proceedings on appeal or in error, shall be the same as prescribed by law for appropriation proceedings by municipal corporations."

Coming now to a consideration of the points urged on behalf of plaintiff, it is the court's opinion as follows:

First: Whatever view may be entertained concerning the wisdom and philosophy of some of the "New Deal" legislation, this court is bound by the

decision in State ex Ellis v Sherrill, supra, and holds that the ██ defendant has the constitutional right to appropriate plaintiff's property.

Second: The application is sufficient in law in advising ██ Kathman of the purpose for which his land was being taken.

Under §3681 GC, relating to appropriation by municipal corporations, it is provided that the application to assess compensation "shall describe as correctly as possible the land to be appropriated, the interest or estate therein to be taken, the object proposed, and the name of the owner of each lot or parcel thereof."

In the case at bar the application (Exhibit 5) accurately described the land of Kathman sought to be appropriated, the interest or estate therein to be taken, and the name of the owner thereof. As to "the object proposed", the application recited that defendant herein "did declare its intention to appropriate to public use property required for housing authority purposes as a site for the construction of the low-rent housing project, by resolution adopted April 23, 1940", and that by resolution adopted June 4, 1940, "did direct the appropriation of said property to proceed".

As the real estate of Kathman was sought to be taken **invitum**, the only question in the appropriation case was that of fixing value. However, Kathman had the right by a separate suit like the present one, to question whether the object for which the property is sought is for public use, as provided by the Constitution of Ohio. That question is to be answered by the Constitution of Ohio, and not by either the Federal Housing Act or by declarations of the Ohio Housing Act. If Kathman's property, for which compensation was fixed in the appropriation proceeding, is now to be used for a purpose constitutionally embraced for low-rent housing purposes at the time instant case is reached for trial, then, in the opinion of the court, Kathman has no valid or just cause for complaint.

In this state it seems well established that the granting of an injunction will be determined by facts existing at the time of the decree, and that even though at the institution ██ of the action there may have been a right to an injunction, such injunction should not be granted if at the time of hearing conditions are so changed that no unlawful act is threatened. **21 O. Jur—Injunctions—§10, p. 993.**

Third: It is urged that there is no power to appropriate real estate under the Constitution and statutes of Ohio for the erection of stores to be rented by the Housing Authority, and that such purpose is not for "public use".

That sanitary houses for citizens are essential for the preservation of the public health and especially when such houses are to be occupied by those having a low income, needs no authority to support the statement. It can admit of no dispute that appropriating property for such purposes is for a "public use", as meant by the Constitution of Ohio.

In the opinion of the court the appropriation of real estate for stores to be rented to merchants is ██ not for a public purpose, however convenient such stores might be to those who are dwelling within the domains of the housing project. Nor do we think the definition of the term "housing project" in §1078-49 GC intends to ██ include within its purposes the construction of stores to be rented to merchants. It is true said section provides that the work may include "building for necessary, convenient or desirable appurtenances", but in our opinion this includes such buildings as offices for those in charge of the project in the collection of its rents, etc. and that buildings for housing proper equipment to take care of the dwellings rented to the tenants having low income. We cannot accede to the argument that such definition includes the building of stores to be rented to merchants. Moreover, even if the act could be so construed, in our opinion the acquisition of real estate

by eminent domain for the purpose of building stores and renting same to merchants is not for public use.

Accordingly, it is our opinon that if it were the intention at ▮▮▮ the time of the instant trial to use Kathman's property for building a structure containing stores to be rented to merchants, such purpose would not be a public purpose within the Constitution of Ohio, and the attainment of such purpose through appropriation proceedings **invitum** should be enjoined.

In the opinion of the court the originally contemplated improper use for which Kathman's property was sought to be appropriated is no longer intended. Upon the contrary, the administration building and its stores is to be built entirely upon the property purchased from others and not belonging to Kathman. Therefore the matter of stores has become a moot question.

It some times occurs that after a suit has been filed, or an injunction sought, before the trial the plaintiff secures his full rights or the action sought to be enjoined is abandoned. Our law wisely takes care of such situations by giving the court in §11628 GC, the right to award and tax costs as it adjudges to be right and equitable.

Several matters have been argued which, in view of the opinion of the court herein, are unnecessary to consider and for such reason are not discussed herein.

It follows from all of the foregoing that the petition herein will be dismissed at the costs of the defendant.